# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

**UNITED STATES OF AMERICA**

FILED

**JUDGMENT IN A CRIMINAL CASE**

v.

2005 MAR 17 P 1: 50

CASE NO. 3:03CR182 (SRU)

**ALBERT D. LATOUCHE**

U.S. DISTRICT COURT
BRIDGEPORT, CONN

**Calvin B. Kurimai**, Assistant U.S. Attorney

**William H. Paetzold, Esq.**
Defendant's Attorney

The defendant was found guilty to counts **One through Nine.** Accordingly, the defendant is adjudged guilty of counts **One through None,** which involves the following offense:

Title & Section: **18:1341**  Counts: **One through Nine**
Nature of Offense: **Mail Fraud**
Date Offense Concluded: **7/00**

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant is hereby committed to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of: **33 months** on each count, to be served concurrently. This sentence reflects an upward departure, pursuant to U.S.S.G. Section 2F1.1. The loss amount does not fully capture the harmfulness and seriousness of the conduct in this case, which involved defrauding individuals of hard earned funds needed, in several cases, for retirement and medical treatment. The victims will suffer long term financial distress as a result.

Restitution is ordered in the total amount of $757,000 to be paid jointly and severally with Salvatore J. Cartelli, Jr.

Upon release from custody, the defendant shall be on supervised release for a term of **3 years** on each count, to be served concurrently.

Special Conditions of Supervised Release include: 1) The defendant shall pay restitution in the total amount of $757,000 at a rate of no less than $250 per month. See attached list of victims. Restitution should be made through the U.S. District Court, who will pay the victims fairly as payments are received. The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined by the probation officer and approved by the court. 2) The defendant shall not incur new credit card charges or open additional lines of credit without the permission of the probation officer. 3) The defendant shall provide the probation officer with access to requested financial information.

The defendant shall voluntarily surrender to the Bureau of Prisons by 2:00 p.m. on April 13, 2005.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

In addition to the special conditions of supervised release imposed above, it is hereby ordered that the conditions of supervised release set out on the reverse side are imposed.

It is ordered that the defendant shall pay a Special Assessment of **$900**, for counts **One through Nine** which shall be due **immediately.**

Certified as a True Copy
on this date _____
Kevin F. Rowe, Clerk

By: _____
Deputy Clerk

**March 11, 2005**
Date of Imposition of Sentence

Stefan R. Underhill, United States District Judge
Date: **March 17, 2005**

## CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

### MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ☐ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ☐ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.
- ■ (8) The defendant cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

### STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

The defendant shall also report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons.

### RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.


_____
John F. Bardelli
United States Marshal


By:_____
    Deputy Marshal

3:03Cr182 (SRU)

USA v Albert D. Latouche

There are 46 victims to be paid through restitution in the total amount of $757,000, jointly and severally with Salvatore J. Cartelli, Jr .

Andrew and Margaret Minick ($25,000), Anne Remington Banks ($5,000), Anthony C. Pozzetti ($20,000), Anthony and Sharon DiLauro ($20,000), Art and Judy Gottier ($40,000), Brett C. Astin ($5,000), Burton H. Slossberg ($20,000), Catherine Brutzman ($17,500), Charles and Louise Helenek ($31,000), David G. Banks ($5,000), Deborah Case Banks ($5,000), Donald and Madke Corneau ($2,500), Eileen McKiernan ($5,000), Gaetan and Rosemarie Roy ($100,000), Grezegorz and Katarzyna Wysocki ($10,000), James C. Stellato ($7,500), Janet McKee Banks ($5,000), John and Alice Durinick ($7,500), John and Frances Oktavec ($30,000), Joyce Kirby Erlandsen ($15,000), Kimball and Carol Messler ($5,000), Lawrence S. Elsner ($7,500), Leo and Marilyn McKiernan ($10,000), Louis and Barbara Fabri ($40,000), Mark Epright ($5,000), Marck Randino ($10,000) Raymond and Laura Casella ($10,000), Raymond and Peggy Flavell ($30,000), Raymond C. Kirby ($5,000), Richard and Cynthia Birmingham ($20,000), Robert G. Siegal ($7,500), Robert Kuchyt ($2,000), Robert and Barbara Fuller ($10,000), Robert Quigley ($10,000), Robert R. Nettleton ($25,000), Scott Graziano ($35,000), Scott and Diane Cartier ($15,000), Scott R. Brookes ($15,000), Sebastian and Nancy Randino ($15,000), Timothy A. Banks ($15,000), Tony and Sara Salamone ($5,000), Verne R. Brookes ($15,000), Vincenzo and Valerie Miceli ($20,000), Yuksel Serindag and Martha Banks-Serindag ($5,000) and Augusta Chadsey ($10,000)